UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CAROL WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16CV1777 HEA |
| BANK OF AMERICA, | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1981. The motion is granted. Additionally, this action is dismissed.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## Discussion

Plaintiff sues defendant under 42 U.S.C. § 1981 for alleged race discrimination with regard to her mortgage and the upcoming foreclosure of her home. This is plaintiff's fourth suit against Bank of America with regard to the foreclosure. In her first suit, she and her then-husband filed suit under § 1981 for alleged race discrimination. *Williams v. Bank of America*, No. 4:12-CV-392 HEA. They reached a settlement agreement and voluntarily dismissed the case. They subsequently attempted to revoke the settlement agreement, but the Court denied the request. Plaintiff's next two suits were dismissed under 28 U.S.C. § 1915(e). *Williams v. Bank of America*, No. 4:14-CV-740 AGF (False Claims Act and Titles VI and VIII of the Civil Rights Act of 1964); *Williams v. Bank of America*, No. 4:15-CV-401 SNLJ (42 U.S.C. § 1981).

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24). "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a "final

judgment on the merits" for purposes of *res judicata*." *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999).

This action arises out of the same facts as *Williams v. Bank of America*, No. 4:12-CV-392 HEA. The parties settled the action, and the Court found the settlement to be a binding final judgment. As a result, this action is barred by res judicata.

Moreover, the allegations in the complaint are duplicative of the allegations plaintiff brought in the case *Williams v. Bank of America*, No. 4:15-CV-401 SNLJ, which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, the complaint must also be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). For these reasons, this action is dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **MOOT**.

An Order of Dismissal will be filed forthwith.

Dated this 21st day of November, 2016

                                                HENRY EDWARD AUTREY
                                             UNITED STATES DISTRICT JUDGE